UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYVAN MOHAMMAD OSKUIE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ATASCADERO STATE HOSPITAL,<br><br>　　　　　Respondent. | No. 2:21-cv-1038 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, who is currently confined at Atascadero State Hospital, has filed a second amended petition for a writ of habeas corpus.

　　　　By order filed June 17, 2021, the undersigned screened the original petition, found that it did not state any cognizable claims for relief, and provided petitioner an opportunity to file an amended petition. ECF No. 5. In screening the original petition, the undersigned found that it was unclear whether petitioner was attempting to challenge his underlying conviction, his confinement under California Penal Code § 2962, or some other aspect of his conviction or sentence. Id. Petitioner proceeded to file an amended petition that appeared to challenge his underlying conviction. ECF No. 7. However, the petition stated only that petitioner's conviction was obtained "by use of coerced confession" and "by use of evidence pursuant to an unlawful arrest." Id. at 4. The first amended petition was then screened out because those general statements were insufficient to state claims for relief. ECF No. 10. Petitioner was given a final

opportunity to amend the petition, and advised that he must include specific facts to support his claims or it would be recommended that this action be dismissed for failure to state a cognizable claim. Id. at 2. The second amended petition is now before the court. ECF No. 14.

The second amended petition summarily alleges that plaintiff's conviction was obtained by a coerced confession and a violation of the privilege against self-incrimination. Id. at 13. Petitioner also appears to claim that his right to familial privacy and familial society and companionship were violated. Id. at 13-14. However, petitioner does little to explain the factual basis for his claims. The additional information petitioner provides makes it once again unclear whether he is challenging his underlying conviction or his confinement at Atascadero State Hospital. See id. at 1 (claiming he was "coerced to confess to make certification as to why [he] was brought here to Atascadero State Hospital"). He also repeatedly claims that the burden of proof was on the State and that he was made to confess because other parents had an equal right to associate with their children and that other parents would have been protected. Id. at 2-3. As with the previous petitions, the allegations are insufficient to state a claim for relief, and the documents petitioner filed prior to filing the amended petition also fail to provide any information that would indicate a claim for relief, ECF Nos. 11-13.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted). Petitioner has been given two opportunities to amend and has made no appreciable progress toward stating a cognizable claim. It therefore appears that petitioner would be unable to plead a cognizable claim even if further leave to amend were granted. As such, the second amended petition should be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

////

IT IS FURTHER RECOMMENDED that petitioner's second amended petition for a writ of habeas corpus, ECF No. 14, be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 2, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE