1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYVAN MOHAMMAD OSKUIE,<br><br>Petitioner,<br><br>v.<br><br>ATASCADERO STATE HOSPITAL,<br><br>Respondent. | No.  2:21-cv-1038 KJM AC P<br><br><br><br>ORDER |

Petitioner, who is currently confined at Atascadero State Hospital, has filed an application for a writ of habeas corpus.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 2, 2021, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty-one days.  ECF No. 15.  Petitioner has filed several documents since the findings and recommendations were filed, including objections, ECF Nos. 15 and 20, and a copy of an opinion from the California Court of Appeal for the Third Appellate District affirming petitioner's conviction for two counts of committing a lewd and lascivious act upon a child under 14 years of age, ECF No. 18.  The state court of appeal opinion was filed December 4, 2020; the court's review of the docket for the California Supreme Court

shows that petitioner's petition for review was denied by that court on February 17, 2021.[1] The original petition in this case was entered on the docket on June 14, 2021. ECF No. 1.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court concludes that the petition must be dismissed. The state court of appeal opinion sets out the claims petitioner raised on direct appeal from his conviction. ECF No. 18 at 2-3.[2] The original form petition filed in this action is dated March 5, 2021, ECF No. 1 at 6, sixteen days after the California Supreme Court denied review. The court therefore concludes that to the extent petitioner is attempting to challenge his underlying conviction, he has not exhausted state court remedies as to any of the claims presented to this court. It is also clear from the original petition that petitioner did not exhaust state court remedies for any challenge to the length of his sentence prior to filing this action. *Id*. at 3. Exhaustion of state court remedies is a necessary prerequisite to seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254. Accordingly, this action must be dismissed.

It would not be debatable among jurists of reason that petitioner has failed to exhaust his state court remedies and, therefore, this court declines to issue a certificate of appealability under 28 U.S.C. § 2253. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 2, 2021, ECF No. 15, are adopted to the extent consistent with this order;

2. This action is dismissed; and

/////

/////

/////

---

[1] This court properly takes judicial notice of court records from petitioner's state criminal proceedings. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

[2] In this order, citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page number assigned by ECF and located in the upper righthand corner of the page.

3.  This court declines to issue a certificate of appealability under 28 U.S.C. § 2253.

DATED: May 31, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE